**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   Cr. No. 21-686 (FYP) |
| | ) |
| NATHAN WAYNE ENTREKIN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM**

Mr. Nathan Entrekin, through undersigned counsel, respectfully submits this reply to the government's sentencing memorandum in further support of his request for a sentence of probation. *See* ECF #28. Not only is the government's request for a sentence of 105 days incarceration and 3 years of probation an illegal sentence, it is unwarranted given the specific facts of this case.

**I.  To Justify Its Request for Incarceration, The Government Provides Past Cases That Involve Jail Sentences of No More than 45 Days and Thus Are Not Comparable to the Facts of This Case.**

In support of its request for 105 days' incarceration, the government cites to five cases that are not comparable to the instant matter. *See* ECF #28, pgs. 38-41, Gov't Sentencing Memo. In each of the five cases cited, the maximum amount of imprisonment imposed was 45 days which is more than half of what the government seeks in this matter. *See United States v. Jancart*, 21-cr-148 (JEB)(45 days imprisonment); *United States v. Rau*, 21-cr. 467 (JEB)(45 days imprisonment); *United States v. Courtright*, 21-cr-072 (CRC)(30 days imprisonment); *United States v. Ericson*, 21-cr-506 (TNM)(20 days imprisonment); *United States v. Bauer and Hemenway*, 21-cr-049 (TSC)(45 days imprisonment); and *United States v. Pham*, 21-cr-109 (TJK)(45 days imprisonment). *Id.*

Therefore, in order to avoid unwarranted sentencing disparities, this Court can rely on the above cited cases by the government where 45 day jail sentences were imposed with no additional term of probation to follow. Notably, the government also cites to a case involving entrance to a Senator's office who received a probation sentence, in part for mental health treatment. *See United States v. Marquez*, 21-cr-136 (RC) and ECF #28, pg. 41, Gov't Sentencing Memo.

Therefore, Mr. Entrekin submits that the request for a jail sentence of 105 days in this case is not justified and would result in a sentencing disparity if imposed, especially in light of the 3553(a) factors outlined in the defense sentencing memorandum.

## II.    A Period of Incarceration Followed by a Period of Probation is Impermissible

In its sentencing memorandum submitted to the Court, without any prior notice to the defendant in his plea agreement, the government now claims that Mr. Entrekin can be sentenced to a period of incarceration followed by a period of probation. *See* ECF #28, Gov't Sentencing Memo. Contrary to the government's assertion, the Court is not authorized to impose both a sentence of incarceration and a sentence of probation in this case, and doing so would raise significant constitutional concerns. 18 U.S.C. § 3551; *see United States v. Torrens*, No. 21-cr-204 (BAH), ECF No. 110 & 125 (Chief Judge Howell chose to not impose such a sentence after briefing provided to the Court).[1] The plea agreement nowhere indicates or notifies Mr. Entrekin that he may be subject to both 6 months of incarceration and 5 years of probation. A correct reading of the relevant statutes and the legislative history, as discussed in the defense pleadings in *Torrens*, make it clear that a district court has a dichotomous choice: it can either sentence the

---

[1]    Judge Lamberth in United States v. Little, 21-cr-315, 2022 WL 768685, at *1 (D.D.C. March 14, 2022) determined that a split sentence is permissible under the law. However, this issue is now on appeal with the D.C. Circuit. *See* D.C. Circuit Docket, 22-3018.

defendant to imprisonment up to six months, or it can sentence the defendant to probation for up to five years. Where, as here, there is solely one single petty offense, the statute precludes a combined probationary and a sentence of incarceration.

The Office of the Federal Public Defender recently filed an Amicus brief in *United States v. Caplinger*, 21-CR-342 (PLF), that addresses these arguments in further detail as well as explaining why the cases cited by the government are not applicable to the instant issue. *See* ECF No. 53 attached as an Exhibit. Mr. Entrekin adopts the same arguments made in *Caplinger* and requests that the Court reject the government's proposition that a petty offense can include a sentence of incarceration followed by a period of supervision.

## **CONCLUSION**

For the reasons discussed above, Mr. Entrekin requests that the Court reject the government's recommendation and impose a sentence of probation.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Dani Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500