# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:23-605-RMG |
| | ) | |
| John Hubert Getsinger, Jr., | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's motion for the early termination of his three-year term of probation imposed by the District Court of the District of Columbia following Defendant's guilty plea to a misdemeanor associated with events at the Capitol on January 6, 2021. (Dkt. No. 4); (Dkt. No. 8 at 2).[1] Along with his wife, Defendant was sentenced on July 12, 2022 to 60 days incarceration, three years of probation, and $500.00 in restitution for damage to the Capitol Building. (Dkt. No. 8 at 2) (noting Defendant further was sentenced to 100 hours of community service and a special assessment of $10.00). Defendant completed his period of incarceration on November 3, 2022 and thereafter commenced his three-year term of probation. He has now served in excess of eleven months of his term of probation. On August 4, 2023, supervision of Defendant's probation was transferred to the District of South Carolina. (Dkt. No. 1). Defendant's motion for the early termination of his probation was filed on August 28, 2023.

Defendant asserts in his *pro se* motion that the early termination of his probation would help his business of breeding and selling hybrid cats and would allow him to travel out of state with his daughter, who is a senior in high school. (Dkt. No. 4). Defendant asserts in his motion

---

[1] Defendant's case number in the District of Columbia District Court is 21-CR-607.

that his goal is "to get my life back as close to normal as possible" and to "keep being a productive member of society." (*Id*. at 1). The record indicates that Defendant has been in compliance with the conditions of his probation.

The Government has filed a memorandum in opposition to the motion, which detailed Defendant's conduct in breaching the Capitol's outer doors on January 6, 2021. Despite the efforts of the Capitol police to control the rioters, Defendant entered a sensitive area of the building without authorization, including the office of then House Minority Leader Kevin McCarthy. Defendant further smoked marijuana in the Capitol Rotunda. (Dkt. No. 8 at 6-11). The Government argues that the termination of Defendant's probation does not serve the interest of justice. (*Id*. at 17-18).

A District Court, in considering a motion for the early termination of probation, is authorized to grant the motion if "such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). In making that determination, a District Court must consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable to the defendant's situation. The § 3553(a) factors include consideration of the nature and circumstances of the offense, the defendant's history and characteristics, the seriousness of the offense, promotion of respect for the law, just punishment for the offense, deterrence, protection of the public from further crimes of the defendant, and avoiding unwarranted disparity with defendants with similar offenses. All these factors are to be consider considering the goal of imposing a sentence which is "sufficient, but not greater than necessary." *Id*.

The January 6, 2021 rioters succeeded in delaying the vote count for the certification of the President of the United States by breaching the Capitol doors despite the courageous efforts of the Capitol Police to secure the building. The unlawful entry of the rioters sent the Vice President of

the United States, the Speaker of the House, and other members of Congress scurrying to secret locations. That conduct alone constituted a serious federal criminal offense. Defendant's conduct was exacerbated by his unlawful entry into the office of then House Minority Leader McCarthy in a sensitive part of the Capitol Building and his smoking marijuana while unlawfully being present in the Capitol Rotunda.

The plea agreement entered into by the Defendant and the Government and the sentence imposed by the District Court in the District of Columbia demonstrated a firm but measured response to Defendant's criminal conduct. Defendant was sentenced to 60 days in prison when the maximum sentence was one year. Instead of a longer prison term, the District Court placed Defendant on probation for three years. This creative sentence had the obvious purpose of avoiding over-punishment of Defendant but to use the combination of a brief period of incarceration and a term of probation to deter Defendant in particular and others in general from engaging in conduct that posed a serious threat to the rule of law and the orderly conducting of American elections.

The Court commends Defendant for being compliant with the conditions of probation, but that is expected of every criminal defendant. If a defendant on probation has a strong reason to travel outside the judicial district, he or she may seek authorization from the supervising probation officer and, if unsuccessful, the District Court. The Court is informed that Defendant has to date made no requests for authorization for out of state travel.

The Court recognizes that the limitation of travel while a defendant is on probation can interfere with normal vacation plans, and court supervision can be inconvenient and irritating at times. But probation is part of the criminal sentencing scheme and is designed, at least in part, to deter the sentenced defendant and others from engaging in future criminal conduct. Imposing

undesirable conditions on a defendant on probation, such as a limitation on out of district travel without authorization, can assist in persuading the defendant to avoid future violations of the criminal laws.

After carefully considering the full record in this matter and the standards set forth in 18 U.S.C. §§ 3553(a) and 3564(c), the Court finds that the interest of justice is not served by the early termination of Defendant's probation. The motion for the early termination of probation (Dkt. No. 4) is **DENIED**.

**AND IT IS SO ORDERED**.

    s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 16, 2023
Charleston, South Carolina