UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>NATHAN WAYNE ENTREKIN,<br><br>*Defendant*. | Criminal Action No. 21-686 (RDM) |

ORDER

Defendant Nathan Wayne Entrekin moves for early termination of probation pursuant to 18 U.S.C. § 3564(c).  Dkt. 41.  On January 14, 2022, Entrekin pled guilty to Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Dkt. 22 (Plea Agreement); Min. Entry (Jan. 14, 2022).  On May 6, 2022, then-District Court Judge Florence Pan sentenced Entrekin to 45 days of incarceration followed by 36 months of probation, as well as a $10 special assessment and $500 restitution payment.  Dkt. 34 at 2–3, 7 (Judgment); Min. Entry (May 6, 2022).  On August 18, 2023, the D.C. Circuit decided *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023), holding that a defendant found guilty of a single petty offense may not receive a sentence of both imprisonment and probation.  *Id.* at 461.  The sentencing court must, instead, choose between these alternatives.

Entrekin has not asked the Court to set aside his sentence as unlawful but, rather, to exercise its discretion under 18 U.S.C. § 3564(c) to terminate the term of probation previously ordered.  Dkt. 41 at 1.  Entrekin argues that the § 3553(a) factors, his conduct, and the interests of justice support early termination.  *Id.* at 4–8.  His motion highlights, first, that his conduct was not violent and that he was not a leader of the January 6 mob; second, that both before and after

1

serving his term of incarceration, he was fully compliant with the terms of release and probation; and, third, that his split sentence is the kind of sentence that *Little* struck down as inconsistent with the statutory scheme. Dkt. 41 at 4–6.

Entrekin served his term of incarceration without incident, and since his release from incarceration on July 29, 2022, he has served approximately 16 months of his 36-month term of probation. *Id.* at 6; Dkt. 42-2 at 1. He found stable employment and housing, completed 6 months of mental health treatment culminating in his therapist's assessment that he has no further need for treatment, fulfilled his 60 hours of community service, submitted negative drug tests, and paid all financial obligations arising from his conviction. Dkt. 41 at 7l; Dkt. 42-2 at 1.

Entrekin moved from Cottonwood, Arizona to Mesa, Arizona in early September. Dkt. 41 at 6–7. Although the Probation Office has suggested additional time supervising this transition might be helpful, there are no indications that the move has disrupted Entrekin's stability and over three months have now passed. *See id.* at 7; Dkt. 42-2 at 1–2. The only behaviors that the government points to as problematic are Entrekin's posts on social media and his presence at political rallies wearing his Captain Moroni outfit, which the government argues indicates a lack of remorse for his offense. Dkt. 42 at 24–25. But as the government acknowledges, Entrekin is "welcome to attend whatever rallies he wants dressed however he deems appropriate," *id.* at 25, so long as he does not cross over into any criminal conduct. The government offers no evidence that Entrekin has engaged in anything more than political speech.

Finally, when the government submitted its memorandum in opposition on October 16, 2023, it indicated that the U.S. Attorney's Office was "actively reviewing" options in responding to *Little* and argued that "split sentences, such as this one, should stand while the government is legally permitted to weigh its options in responding to [*Little*.]" Dkt. 42 at 1–2 n.1. The time for

filing a petition for certiorari or a petition for rehearing *en banc*, however, has now elapsed. *See* Sup. Ct. R. 13; Order at 1, *Little*, No. 22-3018 (D.C. Cir. Sep. 29, 2023) (setting the deadline for a petition for rehearing *en banc* as Nov. 1, 2023). The government pursued neither course, and the D.C. Circuit issued its mandate on November 9, 2023. *See* Mandate at 1, *Little*, No. 22-3018 (D.C. Cir. Nov. 9, 2023). The government concedes that the Court sentenced Entrekin to a "split sentence" of the kind foreclosed by *Little*, Dkt. 42 at 1 n.1, and it offers no other response to Entrekin's arguments that *Little* counsels in favor of terminating his probation under the § 3553(a) factors, Dkt. 41 at 5–6.

After weighing the § 3553(a) factors, the defendant's conduct, and the interests of justice, the Court concludes that early termination of Entrekin's term of probation is warranted. The Court, accordingly, **GRANTS** Defendant's motion for early termination of probation.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  December 11, 2023