**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 21-CR-686 (RDM)** |
| | **:** | |
| **NATHAN WAYNE ENTREKIN,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S MOTION FOR RECONSIDERATION OF
ORDER GRANTING EARLY TERMINATION OF PROBATION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to reconsider its order granting early termination of probation (ECF No. 44) and hold its ruling in abeyance pending resolution of a similar case currently before the Court of Appeals for the District of Columbia. The government was in the process of drafting an updated response in this case and apologizes to the Court for this delay.

While the Federal Rules of Criminal Procedure do not provide for motions for reconsideration in criminal cases, courts this district have applied the standard contained in Rule 59(e) of the Federal Rules of Civil Procedure. *See e.g., United States v. Slough*, 61 F. Supp. 3d 103, 107 (D.D.C. 2014). To prevail, the movant "must demonstrate that (1) there has been an intervening change in controlling law; (2) there is new evidence; or (3) there is a need to correct clear error or prevent manifest injustice." *United States v. Malone*, 2023 WL 5833677, at *1 (D.D.C. Sept. 8, 2023) (cleaned up). The movant "may not use Rule 59(e) either to repeat unsuccessful arguments or to assert new but previously available arguments." *Id.*

The government has recently submitted substantive responses in *U.S. v. Pryer* (21-CR-667 (RCL), ECF No. 80) and *U.S. v. Ianni* (21-CR-451 (CJN), ECF No. 81), and is filing motions to hold decision in abeyance in those cases as well. Those substantive responses make clear that

resentencing, rather than early termination, is the appropriate remedy for a split sentence invalidated by *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023).

And most importantly, whether resentencing rather than early termination of probation is the proper remedy for split sentences invalidated by *Little*, is presently before the D.C. Circuit in *United States v. Caplinger*, Case No. 22-3057 (Doc. No. 2030968, filed Dec. 11, 2023). There, the defendant has filed a "Renewed Motion To Vacate And Opposition To Government Motion For Remand For Resentencing." The government's response to that motion is due December 21, 2023. In ruling on that motion, the Circuit Court will determine whether the defendant is entitled to immediate relief from his probationary term or whether he should be resentenced, the same issues presented to this Court. Because any ruling will be dispositive, and to conserve judicial resources, the government moves for reconsideration and to hold ruling on the present motion in abeyance pending a decision in *Caplinger*.

Justice may require reconsideration where a court "'made a decision beyond the adversarial issues presented, [or] made an error in failing to consider controlling decisions or data, or [where] a controlling or significant change in the law has occurred.'" *United States v. Hemingway*, 930 F. Supp. 2d 11, 12–13 (D.D.C. 2013). This Court has not yet had an opportunity to consider the significant issues raised in the government's substantive filings. But given the large number of cases involving split sentences invalidated by *Little*, the appropriate procedural remedy (early termination of probation or resentencing) should be left in the first instance to the Circuit Court that decided *Little*.

Therefore, the government respectfully requests that this Court reconsider its order granting early termination of probation and hold its ruling in abeyance pending resolution of the same issue in *Caplinger*.

Respectfully submitted,

MATTHEW M. GRAVES
D.C. BAR NO. 481052
UNITED STATES ATTORNEY

By:

Sean P. Murphy
New York Reg. No. 5321617
Assistant United States Attorney
U.S. Attorney's Office—District of Puerto Rico
Torre Chardon, Ste 1201
350 Carlos Chardon Avenue
San Juan, PR 00918
787-766-5656
sean.murphy@usdoj.gov