UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>NATHAN WAYNE ENTREKIN,<br><br>*Defendant*. | Criminal Action No. 21-686 (RDM) |

**MEMORANDUM OPINION AND ORDER**

On December 11, 2023, the Court granted, Dkt. 44, Defendant's Motion for Early Termination of Probation, Dkt. 41, and two days later, the government moved for reconsideration of that decision, Dkt. 45. The government argues that this case raises a question now pending before the D.C. Circuit—namely, "whether resentencing rather than early termination of probation is the proper remedy for split sentences invalidated by" the D.C. Circuit's decision in *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023)—and asks that that the Court reconsider its decision granting early termination and "hold its ruling in abeyance pending resolution of" that question by the D.C. Circuit in *United States v. Caplinger*, No. 22-3057. Dkt. 45 at 1. For the reasons explained below, the Court is unpersuaded.

As the government recognizes, nothing found in the Federal Rules of Criminal Procedure expressly authorizes or sets a standard for evaluating motions for reconsideration. But, as the government also correctly observes, courts typically look by analogy to the standards applicable under Federal Rule of Civil Procedure 59(e). Under that approach, the movant bears the burden of showing "that (1) there has been an intervening change in controlling law; (2) there is new evidence; or (3) there is a need to correct clear error or prevent manifest injustice." *United States*

*v. Malone*, 2023 WL 5833677, at *1 (D.D.C. Sept. 8, 2023) (cleaned up).  Significantly, a motion for reconsideration ought not be used to relitigate arguments previously raised and considered or to raise new arguments that were previously available.  In evaluating a motion for reconsideration in a criminal case, courts must balance the interests in finality and substantive and procedural justice.  Here, the government's motion misunderstands the Court's prior opinion and seeks reconsideration of a question that the Court did not decide and was not required to decide to grant the relief that Defendant sought.

According the government, the Court should reconsider its decision granting Defendant's motion for early termination because the D.C. Circuit is currently considering whether a resentencing is the appropriate means for addressing an earlier-imposed sentence set aside as unlawful.  Dkt. 48 at 1.  But, in granting Defendant's request for early termination, this Court did not join issue on that question, and, in fact, the Court understood that the proper remedy for the imposition of an illegal sentence would, in all likelihood, require a resentencing.  That, however, was not the relief that Defendant sought.  As the Court wrote in its earlier opinion: "Entrekin has not asked the Court to set aside his sentence as unlawful but, rather, to exercise its discretion under 18 U.S.C. § 3564(c) to terminate the term of probation previously ordered."  Dkt. 44 at 1.

Under 18 U.S.C. § 3564, the Court was required to consider the § 3553(a) factors and whether early termination was "warranted by the conduct of the defendant and the interest of justice."  In explaining why the Court decided to exercise its discretion to grant early termination, the Court noted that he (1) had "served his term of incarceration without incident," (2) had not committed any violation of the terms of his probation or the terms of his pretrial release, (3) had "served approximately 16 months of his 36-month term of probation, (4) had "found stable employment and housing," (5) had "completed 6 months of mental health

treatment culminating in his therapist's assessment that he has no further need for treatment," and (6) had "fulfilled his 60 hours of community service, submitted negative drug tests, and paid all financial obligations arising from his conviction." Dkt. 44 at 2.

To be sure, the Court also noted that the D.C. Circuit's decision in *United States v. Little*, 78 F.4th 453 (D.C. Cir. 2023), "counsel[ed] in favor of terminating his probation under the § 3553(a) factors." *Id.* at 3. But nothing in the government's motion for reconsideration calls that premise into question. To the contrary, § 3564 requires that the Court consider "the factors set forth in § 3553(a)," and § 3553(a) requires the Court to consider, among other things, "the kinds of sentences available" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

Finally, the Court also noted that the Probation Office's sole hesitation to granting early termination was that Defendant had moved to a new residence in early September and that "additional time supervising this transition might be helpful." Dkt. 44 at 2. The Probation Office, however, made that observation in September 2023, and the Court did not grant Defendant's motion for early termination until December, which provided the "additional time" to supervise Defendant's transition.

The Court remains convinced that early termination was "warranted" in light of Defendant's "conduct" and "the interest of justice." Because that determination did not—and does not—require the Court to set aside its previously-imposed sentence as unlawful, and, instead, turns on the Court's assessment of the § 3553(a) factors, along with Defendant's conduct and the interest of justice, the Court has no reason to consider the question now pending before the D.C. Circuit and no reason to hold this case in abeyance pending the D.C. Circuit's decision.

In other words, neither an intervening change in law or fact nor a need to correct clear error or to prevent manifest injustice warrants reconsideration.

The government's Motion for Reconsideration is, accordingly, **DENIED**.

**SO ORDERED**.

/s/ Randolph D. Moss  
RANDOLPH D. MOSS  
United States District Judge

Date:  December 21, 2023